Page 1 of 10

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AHIEZER BENDAN TIMMS,
    Plaintiff,

vs.                                                  Case No.: 3:21cv197/MCR/EMT

DANIELLE A. TIMMS, et al.,
    Defendants.
                                  /

## **REPORT AND RECOMMENDATION**

    Plaintiff, a Florida resident proceeding pro se and in forma pauperis, filed a complaint pursuant to 28 U.S.C. § 1331 (ECF No. 1). The court is statutorily required to review Plaintiff's complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon review of Plaintiff's complaint, it is apparent Plaintiff has failed to state a viable claim for relief against Defendants. It likewise is clear Plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which

relief can be granted even if the plaintiff never seeks leave to amend") (internal marks omitted). The undersigned thus recommends that the case be dismissed for failure to state a claim upon which relief can be granted.

I.  BACKGROUND

Plaintiff filed a complaint naming as Defendants three individuals—Danielle A. Timms, Hellen Moore, and Kevin Moore, all of whom reside in the State of Florida—and the Florida Child Support Enforcement Program.[1] Plaintiff indicates federal question as the basis for the court's jurisdiction, citing "18USC1349–18USC1341," along with at least one Florida statute and a number of cases (ECF No. 1 at 3). Plaintiff claims Defendants' actions—in particular, the actions of the Florida Department of Revenue—violated his constitutional right to due process of law (*see id*. at 5).

It appears Plaintiff's complaint stems from a divorce and child custody matter, in connection with which an income withholding order (IWO) was entered. The IWO resulted in the freezing of Plaintiff's bank accounts and suspension of

---

[1] Although Plaintiff identifies "Florida Child Support Enforcement Program" as a Defendant, the court notes that the Department of Revenue is Florida's designated child support agency. The distinction is immaterial, however, because as explained more fully below, a Florida state agency is entitled to Eleventh Amendment immunity.

Plaintiff's driving privileges. Plaintiff seems to claim that Danielle Timms obtained the IWO through forgery and that Hellen Moore and Kevin Moore committed "postal fraud" when they signed for certified mail addressed to him after he no longer resided at the residence to which the mail was delivered (*id*. at 4). As relief, Plaintiff seeks sole custody of his children and $250,000.00 "due to the intentional criminal intent that led to the financial hardship and the breaking of marital vows, bond, and covenant of the Plaintiff that is still being suffered at this time" (*id.* at 5).

II.   DISCUSSION

A due process claim is actionable under 42 U.S.C. § 1983. In order to prevail on a § 1983 claim, a plaintiff must establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Plaintiff has wholly failed to allege facts to establish the first element of a § 1983 claim. Indeed, Plaintiff has not alleged that any of the individual Defendants acted under color of state law—or even facts from which one could plausibly infer such a fact. And the Florida Department of Revenue is not a "person" for purposes of § 1983. *See, e.g., Parratt v. Taylor*, 451

U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Defendants thus are not subject to suit under § 1983, and Plaintiff has failed to state a claim upon which relief can be granted in that regard.

Moreover, any claim against the Florida Department of Revenue is barred. "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.") (citations omitted)).

The court also is prohibited by the *Rooker-Feldman* doctrine, which precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court

judgments," from granting Plaintiff the relief he seeks.[1] *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (internal marks omitted). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), the Supreme Court cautioned against broadly construing *Rooker-Feldman* and held the doctrine should be confined only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Rooker-Feldman*'s reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment such as (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (internal marks omitted). Given the basis of Plaintiff's claims—i.e., challenges to child custody and IWO(s)—Plaintiff's claims are inextricably intertwined with at least one state court judgment. And if Plaintiff were to prevail in this action, it would "effectively nullify" any such judgment.

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983).

Case No.: 3:21cv197/MCR/EMT

Finally, to the extent Plaintiff seeks to assert any claim other than a claim under § 1983, he has failed to plead facts showing this court has an independent basis for the assertion of subject matter jurisdiction over such claim. "It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.2d 405, 409 (11th Cir. 1999). "They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Id.* (internal marks omitted). "Congress, however, may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." *Id.* (internal marks omitted). "And because the Constitution unambiguously confers this jurisdictional power to the sound discretion of Congress, federal courts should proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction." *Id.* (internal marks omitted).

"Accordingly, [w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (internal marks omitted). "Indeed, such an action unconstitutionally invades the powers reserved to the states to determine controversies in their own

courts, as well as "offends fundamental principles of separation of powers." *Id.* at 409–10 (internal marks and citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410. "As the Supreme Court long ago held in *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L. Ed. 264 (1868), '[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.*

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case . . . and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them." *Id.* (internal marks omitted).

Here, as set forth above, Plaintiff invokes the court's federal question jurisdiction, citing "18U.S.C.1349–18USC1341" (ECF No. 1 at 3). The statutes

Plaintiff cites are criminal, however, and "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Sattler v. Johnson*, 857 F.2d 224, 226–27 (4th Cir. 1988). Hence, the statutes do not provide Plaintiff a cause of action and thus do not provide a basis upon which this court can exercise jurisdiction over Plaintiff's claims. And to the extent Plaintiff seeks custody of his children on any basis other than an alleged due process violation, such claim lies exclusively under state law and does not provide a basis for the court's independent exercise of federal question jurisdiction.

III. CONCLUSION

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims sua sponte). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir.

Case No.: 3:21cv197/MCR/EMT

1990)).  Here, it is evident Plaintiff has wholly failed to allege facts showing he is entitled to relief on his claims.  It likewise is apparent Plaintiff cannot cure the deficiencies by amendment.  *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  The undersigned thus recommends that Plaintiff's due process claim be dismissed with prejudice and that the court decline to exercise supplemental jurisdiction over any state law claims Plaintiff may have intended to assert.  *See Kamel v. Kenco/The Oaks at Boca Raton LP*, 321 F. App'x 807, 811 (11th Cir. 2008) ("It is well settled in our circuit that 'if . . . federal claims are dismissed prior to trial, [*United Mine Workers v.] Gibbs* [383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966) ] strongly encourages or even requires dismissal of the state claims.' *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984).").

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's federal claims be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

2. That the court decline to exercise supplemental jurisdiction over any state law claims Plaintiff may have intended to assert and dismiss those claims without prejudice.

3. That the clerk be directed to close the file.

At Pensacola, Florida this 10th day of June 2021.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**